**FILED**
July 23, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:    DT
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § <br> Plaintiff, § § <br> v. § § § <br> **(2) YVONNE BELTRAN-LEYVA,** § § § <br> Defendants. § § § § | **SEALED** <br> **Case No: EP:25-CR-01901-LS** <br> **INDICTMENT** <br> **CT 1**: 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; <br><br> **CTS 2 - 12**: 21:841(a)(1)-Possession with Intent to Distribute a Controlled Substance. <br><br> *Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

### COUNT ONE

That on or about November 20, 2024 and continuing through the return of the date of this indictment, in the Western District of Texas, Defendants,

### (2) YVONNE BELTRAN-LEYVA

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, with intent to distribute the same, contrary to Title 21, United States Code, Section 841(a)(1), in the quantities set forth below.

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of fentanyl involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| | | |
|---|---|---|
| **(2) YVONNE BELTRAN-LEYVA** | 40 grams or more of a mixture or substance containing a detectable amount of fentanyl | 21 U.S.C. § 841(b)(1) (B)(vi) |

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

That on or about January 14, 2025, in the Western District of Texas, Defendants,

### (2) YVONNE BELTRAN-LEYVA,

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT THREE

That on or about January 23, 2025, in the Western District of Texas, Defendants,

### (2) YVONNE BELTRAN-LEYVA,

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT FOUR

That on or about April 24, 2024, in the Western District of Texas, Defendant,

**(2) YVONNE BELTRAN-LEYVA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT FIVE

That on or about November 20, 2024, in the Western District of Texas, Defendant,

**(2) YVONNE BELTRAN-LEYVA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT SIX

That on or about December 4, 2024, in the Western District of Texas, Defendant,

**(2) YVONNE BELTRAN-LEYVA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which

offense involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT SEVEN

That on or about February 6, 2025, in the Western District of Texas, Defendant,

**(2) YVONNE BELTRAN-LEYVA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT EIGHT

That on or about November 2, 2023, in the Western District of Texas, Defendant,

**(2) YVONNE BELTRAN-LEYVA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT NINE

That on or about November 16, 2023, in the Western District of Texas, Defendant,

**(2) YVONNE BELTRAN-LEYVA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT TEN

That on or about April 24, 2024, in the Western District of Texas, Defendant,

**(2) YVONNE BELTRAN-LEYVA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT ELEVEN

That on or about February 6, 2025, in the Western District of Texas, Defendant,

**(2) YVONNE BELTRAN-LEYVA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT TWELVE

That on or about February 6, 2025, in the Western District of Texas, Defendant,

**(2) YVONNE BELTRAN-LEYVA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

# NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

## I.
## Drug Violation and Forfeiture Statutes
[Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(vi), 841(b)(1)(A)(viii), and 841(b)(1)(C), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth above, the United States gives notice to Defendants **(2) YVONNE BELTRAN-LEYVA** of its intent to seek the forfeiture of certain property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

> **Title 21 U.S.C. § 853. Criminal Forfeitures**
> **(a) Property subject to criminal forfeiture**
> \* \* \*
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

The Notice of Demand of Forfeiture includes but is not limited to the money judgment described in Paragraph II.

## II.
## Money Judgment

A sum of money that represents the amount of proceeds obtained by the Defendant, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offense, for which Defendants **(2) YVONNE BELTRAN-LEYVA** are individually liable.

### Substitute Assets

If any forfeitable property, as a result of any act or omission of the Defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: 
Assistant U.S. Attorney

7